JONES *vs.* STRICKLAND, guardian.

That a guardian at first refused to have a settlement with his ward and afterwards put him off for several years, declining to settle, but saying that "he had the matter fixed," did not constitute such fraud in the management of the ward's estate as to take the case out of the statute of limitations of 1869.

Guardian and ward. Statute of limitations. Fraud. Before Judge HILLYER. Fulton Superior Court. April Term, 1878.

Reported in the decision.

JOHN A. WIMPEY ; COLLIER & COLLIER, for plaintiff in error, cited as follows : When limitation began to run, 8 *Ga.*, 103 ; 11 *Ib.*, 201, 258 ; 10 *Ib.*, 297 ; 18 *Ib.*, 346 ; 3 *Ib.*, 383 ; 17 *Ib.*, 96 ; 3 Sumner, 486 ; 10 Peters, 223 ; 7 *Ga.*, 160 ; 35 *Ib.*, 40 ; 24 *Ib.*, 599 ; Code, §2931 ; 1 Parsons, 135. Fraud prevents bar, 57 *Ga.*, 467. Fraud question for jury, 54 *Ga.*, 198 ; 55 *Ib.*, 15 ; 57 *Ib.*, 210.

HOPKINS & GLENN, for defendant, cited, on bar of statute, 55 *Ga.*, 15 ; 57 *Ib.*, 210, 459. Disqualification of judge, Code, §205 ; Freeman on Judgments, 145 ; 45 N. H., 52 ; 7 Eng., 160 ; 5 Clark, 486 ; 10 Wend., 167. One bill of exceptions pending, *McLendon vs. McLendon*, (this term) ; 4 *Ga.*, 558 ; 45 *Ib.*, 100.

WARNER, Chief Justice.

This case came before the court below on an appeal from the court of ordinary, in which court Strickland, as guardian of Henry W. Jones, had been called on for a settlement of his accounts. Upon the trial in the superior court on appeal, plaintiff introduced the following evidence : The return of Henry Strickland, guardian of the said Henry W. Jones, made by said Strickland to the ordinary of Fulton county, in July, 1862, by which it appeared that the guardian was due his ward the sum of $370.55.

Henry W. Jones, sworn for plaintiff, said he was the ward of Henry Strickland ; Strickland was his guardian ; was twenty-eight or twenty nine years old on the 7th of December, 1870, which was the date of filing his petition in this case in the ordinary's court. Witness first went to defendant, Strickland, in the year 1866, and asked him how the matters of his estate stood, what amount was due witness, and what condition his effects were in, and the said Strickland refused to tell witness how it stood, or what amount was due him, or what condition his estate was in. But defendant replied to witness that he could take land belonging to defendant until

he was satisfied.   Witness replied no, all he wanted was for defendant to make the matter safe, so he could get his money.   Witness after this conversation went repeatedly to defendant during the years 1866, 1867, 1868 and 1869, and asked defendant how his estate stood, and wanted a settlement, but defendant refused to show him the condition of his estate, but defendant each time said that he had the matter fixed.   The last time, in 1869, witness went to defendant, defendant said he had enjoined upon his wife to pay witness what he owed him, at his (defendant's) death. Defendant repeatedly, in the conversation above referred to, told witness that he had lost all his own money by the war, and that witness' money went with it.   The reason why witness did not bring suit before the 1st of January, 1870, was that he had confidence in defendant, believing that he had the money belonging to witness safe, as he repeatedly told witness that he had it all fixed.   Plaintiff here closed, and the court on motion of defendant's counsel non-suited the plaintiff, the defendant having pleaded the statute of limitations of 1869 in bar of the plaintiff's right to recover, whereupon the plaintiff excepted.

The plaintiff became of age in 1862, and the question is whether his case is within the saving clause of the fifth section of the act of 1869, which is as follows : " *Provided*, That no executor, administrator, guardian or trustee, shall have the benefit of this act who has acted fraudulently and corruptly in the *management* of the trust estate."   In our judgment, the evidence in the record does not show such fraudulent and corrupt conduct on the part of the guardian in the management of his ward's estate as is contemplated by the act of 1869, so as to prevent the operation of that act in his favor and for his benefit.

Let the judgment of the court below be affirmed.